IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERCIA, | |
| Plaintiff, | |
| v. | Case No. 16-CR-30020-SPM-2 |
| ERNESTO VIZCARRA-AGUILAR, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on Defendant Ernesto Vizcarra-Aguilar's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) and the United States Sentencing Guidelines Manual § 1B1.10 [hereinafter Guidelines], making Amendment 821 retroactive (Doc. 366). The Government agrees to the Motion.

The parties agree that the defendant is eligible for a reduction under Part A of Amendment 821, which amended § 4A1.1(e) (2023) and concerns criminal history points ("status points") awarded because a defendant was under a criminal sentence when he committed his offense of conviction. Vizcarra-Aguilar's total offense level at sentencing was 33 and his criminal history category was I, which provided for a sentencing range of between 135 to 168 months. The Court imposed a sentence of 135 months at the low end of the Guidelines range. (*See* Doc. 258). Pursuant to Amendment 821 in conjunction with Vizcarra-Aguilar's criminal history score of zero, his total offense level can be reduced from 33 to 31, resulting in a lower advisory

guideline range of 120 to 135 months. Considering this lowered range, the parties have agreed that a sentence reduction from 135 months to 120 months in prison on the single count conviction is appropriate. The Court agrees for the reasons set forth in the Motion.

Accordingly, the Court **GRANTS** the agreed motion (Doc. 366) and reduces the defendant's sentence of imprisonment from 135 months to 120 months on the single count, effective **February 1, 2024**. The Court attaches its standard order (AO Form 247) reflecting the sentence reduction.

**IT IS SO ORDERED.**

**DATED:  January 4, 2024**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
